Questions for the consideration of the Supreme Court:
1. Is the action of replevin sustainable in this State?
2. Had the sheriff a right to adopt the bid of the plaintiff, after having regularly struck off the slave to the defendant as the last and highest bidder, without having again exposed her at public sale to the highest bidder?
3. Did not the time given for the payment of the money confirm the sale to the defendant, and vest the property in him?
4. Did the right of the slave legally vest in the plaintiff, (536) under all the circumstances as above stated?
When one individual attempts to become "his own carver," and takes from the possessions of another personal property, he is usurping an authority; and the law, to prevent the possibility of his being benefited by his own wrong, will compel him to restore the possession, and then show the right he had for the exercise of this summary justice. This restoration is effected by the action of replevin, and in no case will it lie but where there has been a taking. In all other cases the party in possession shall retain it till recovered by the court pronouncing upon the title. In this case the slave is stated to have been found in defendant's possession. How the defendant acquired such possession does not appear, and we must be making a case to suppose that the defendant acquired it by a trespass. We are, therefore, of opinion (537) that the rule for a new trial should be made absolute.
NOTE. — See S. c., after a new trial, reported in 6 N.C. 357. See, also, Wrenford v. Gordon, 1 N.C. 54, and the act of 1828 (1 Rev. Stat., ch. 101), which provide for bringing the action of replevin for slaves in certain cases.
Cited: McLeod v. Oates, 30 N.C. 391. *Page 391